No. 230

BRUNER AGENCY CO., et al v. SMITH

Ohio Appeals, 9th Dist., Summit Co.

No. 1235. Decided March 8, 1927

707. LEASES—Where B. gave to A. a note payable in one year with interest, which provided that it should be void if C. failed to perform within the year, the conditions of a lease to C. which A. had negotiated of B's premises, and for his services in negotiating the lease the note was given. C. did not perform, but E. after such failure, without the knowledge or consent of A. for a consideration agreed with C. upon a modification of the lease, by which B. accepted less than full performance and released C. from the consequence of the failure; Held that the performance which B. accepted was not a falure to perform within the meaning of the forfeiture clause of the note.

First Publication of this Opinion

WASHBURN, P. J.

The Bruner-Goodhue-Cooks-Cranz Agency Co. sued Susan Smith in the Summit Common Pleas to recover upon two promissory notes given in part payment of commission due the Company in procuring a 99 year lease for her. The two notes were the same except as to dates and contained a clause that said notes would be void if the lessee or its assignee did not perform all the covenants of the lease for the year ending March 31, 1924, The lower court found for Smith and this is a proceeding in error to reverse the judgment.

It is the contention of the Company that Smith had waived and excused and agreed to a modification of some of the terms of said lease, and that in so far as it had been waived by Smith, said lessee had duly performed each and all of the terms of the lease, and that Smith had therefore waived said provision in the note.

The facts were that the Company negotiated a 99 year lease between Smith and the Foster Supply Co., which guaranteed the performance for the first five years, depositing $5000 as security. On April 1, 1923, the lessee company took possession and the deposit of guaranty was made. Some trouble was had by Foster Company in meeting its bills and they wrote to Smith a letter which contained modifications of the lease, and same were accepted by Smith. None of the negotiations were known to the Company. Upon these facts, the Court of Appeals held:

1. The substituted performances may not be as valuable to Smith as would have been the performance of the original lease, but without knowledge of the Company, Smith agreed to such modification; she still has her tenant which the Company procured and for which services she agreed to pay.

2. The note in question was not a promise to perform upon the happening of a future event, where the event is either merely selected as a means of fixing the time of performance or such event is a condition precedent to any liability.

3. It is nothing more than a plain, straight promise to pay an admittedly existing debt at a particular time, with an added provision that if the conditions of a certain lease are not

complied with during a certain period, then such promise should be null and void and of no effect.

4. Courts will not construe stipulations in a contract as conditions precedent, unless it plainly appears that such was the intention of the parties. A condition subsequent presupposes an existing obligation which is to be defeated or forfeited if the condition is not fulfilled.

5. Forfeitures are not favored either in law or equity, and provisions of forfeiture are strictly construed. Any performance, which Smith, by agreement with the lessee, accepted as performance, would not be a falure of performance within the meaning of the forfeiture clause of the company's note.

6. Smith had a right to make any modification of the lease which she might deem best; by so doing she agreed that something other than that stipulated in the lease should be accepted and she released the lessee from the original performance; having agreed to a substituted performance, she cannot, for the purpose of forfeiting the Company's claim, insist upon the original performance.

Judgment reversed.

(Funk & Pardee, JJ., concur.)

Attorneys—Waters, Andress, Southworth, Wise & Maxon and Paul C. Wick for Company; Chalmers Hamill for Smith; all of Akron.